IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERNEST BASSKNIGHT and EMMA BASSKNIGHT, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | Civil Action No. 3:12-cv-1412-M (BF) |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for the Holders of GSAMP 2002-HE2, Mortgage Pass Through Certificates, Series 2002-HE2, and OCWEN LOAN SERVICING, LLC, | § § § § § § | |
| Defendants. | § § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's February 21, 2013 Order, the parties in this civil action arising out of foreclosure proceedings initiated against Plaintiffs' residence filed a Joint Status Report regarding the status and disposition of the case. The Joint Status Report states that, after the Court granted the parties' request for an extension of discovery and other pretrial deadlines in this case, the parties agreed to postpone depositions to allow Plaintiffs an opportunity to provide financial information to Defendants for consideration of a possible mortgage loan modification. Jt. Stat. Rep. (Doc. 31) at 1. Plaintiffs are currently in the process of gathering the necessary documents for Defendants' consideration. *Id.* The Joint Status Report also states that the parties anticipate the need for additional time for discovery beyond the current March 15, 2013 deadline to complete depositions. *Id.* at 2. Plaintiffs further anticipate seeking leave to supplement their briefs on Defendants' pending Motion to Dismiss – which the Court previously found

1

appropriate to convert to a motion for summary judgment – with new materials obtained through discovery. *Id.*

Although the parties have not followed the procedure prescribed by Federal Rule of Civil Procedure 56(d), the Court treats the representations in their Joint Status Report as a request under Rule 56(d)(1) and (2). *See McDougall v. Binswanger Mgmt. Corp.*, No. 3:10-CV-2563-D, 2012 WL 1109551, at \*3 (N.D. Tex. Apr. 3, 2012) (treating party's request to defer consideration of motion for summary judgment as Rule 56(d) motion notwithstanding failure to adhere to procedural requirements). "Rule 56(d) functions as a safe harbor that has been built into the rules so that summary judgment is not granted prematurely." *Id.* (citing *Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987) (referring to former Rule 56(f)). It is frequently invoked when a party claims that it has had insufficient time for discovery. *See, e.g., Bramlett v. Med. Prot. Co. of Fort Wayne, Ind.*, No. 3:10-CV-2048-D, 2012 WL 3887059, at \*3 (N.D. Tex. Sep. 7, 2012) (party sought to defer court's consideration of summary judgment motion under Rule 56(d) on grounds that additional discovery was necessary in response to arguments raised in adversary's supplemental motion). Under Rule 56(d), the Court can (1) defer considering a summary judgment motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. FED. R. CIV. P. 56(d). "[Rule 56(d)] motions are broadly favored and should be liberally granted." *Bramlett*, 2012 WL 3887059, at \*2 (quoting *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006)).

In view of the parties' ongoing settlement discussions involving a loan modification, their agreement that additional time for discovery beyond the current deadline will likely be necessary, and Plaintiffs' assertion that they intend to seek leave to supplement the summary judgment record

in this case, the Court finds that summary judgment would be premature at this time.  Accordingly, the Defendants' pending motion to dismiss, which has been converted to a motion for summary judgment, should be denied.  FED. R. CIV. P. 56(d)(1).

### Recommendation

Defendants' joint Amended Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 14), which the Court previously found appropriate to treat as a motion for summary judgment, should be DENIED without prejudice.

SO RECOMMENDED, March 4, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).